Good morning. I'm Judge Gould. I'm presiding today, and I'm pleased to be sitting with my colleagues, Judge Hawkins on my right and Judge Bumate on my left. We only have one case to be argued today. The others are submitted on the briefs, but let me just mention the submitted cases. Could you bring that closer? Okay, we've got United States v. Slack, number 23. Submitted on briefs. We have McGraw-Barrett v. White, submitted on briefs. And we have Jim, hold it a little closer. 2390, submitted on briefs. So we'll proceed, always Becker. We also have Becker v. T.I.G. Insurance Company, number 24443, submitted on briefs. And we'll proceed to have argument today in the case of, hold that closer, in the case of Ramos v. Bondi, number 241710, which is being argued with 10 minutes per side. So we'll start with Appellant, please. Good morning, and may it please the Court. My name is Luis Cortez. I'm here on behalf of the Petitioner. I'll endeavor to reserve three minutes for rebuttal, and I'll try to watch the clock. If you forget, I'll try to remind you, but it's up to you to make sure you've got your time. Thank you. Your Honors, this case presents the Board committing a legal error that warrants remand, and I'd like to focus first on the legal error here, which was that the Board applied a erroneously high evidentiary standard when looking at the VAWA cancellation or removal, the special rule cancellation or removal, and then how that, in turn, undermined both just the denial and its refusal to act sui sponte. So first, I'll look at the erroneously high evidentiary standard. What the Board did here when evaluating the cancellation or removal is that it was effectively looking for conclusive evidence that the Petitioner met the requirements for VAWA cancellation or removal instead of the more modest evidentiary standard, which is a reasonable likelihood to establish that likelihood, excuse me, a reasonable likelihood to establish that eligibility. And so because the statute requires a much more modest evidentiary standard and the Board used a much higher evidentiary standard, the Court should remand the case so that it can use the proper reasonable likelihood standard and then provide the analysis from there. This is a very kind of an unusual case, I think you might even agree, because ordinarily when the lever, if you will, to get consideration or reconsideration, the abuser is alive and well and there is some threat of continued abuse. Would you agree with that? That's generally the case in VAWA cancellation. In this case, the alleged abuser, the person who's described as the abuser, is no longer with us. Correct. Correct? Correct. And the child is what, 12, 13? About 13, 14 years old, yes. Okay. And was there any evidence presented at any point in the proceedings about the child's health? The child's health, Your Honor? Yeah. I don't know if there was any evidence about the child's health and whether that was a point in the case. Well, it seems to me the substance of your contention is because the child's mother abused drugs, that that equals child abuse or child harm within the meaning of the lever that you're trying to obtain to get relief, correct? Correct. Okay. So what evidence is there other than the fact that the late mother was a drug abuser and abused all sorts of drugs? Yeah. Great question, Your Honor. So looking at all of the puzzle pieces here, what the mother did was that she was putting herself in harm's way, and the abuse didn't just happen by her ongoing addiction while caring for the child, but the petitioner in this case is undocumented and also had severe medical issues and continues to have severe medical issues. He's on daily dialysis at this point. And so when we're looking at the whole picture, we have a mother who is continuing to use drugs despite the fact that she is the only one with status and that the father has really severe health issues that was declining even at the time of the abuse. So we, excuse me, even at the time of the drug use. The child is a citizen? The child is a U.S. citizen, Your Honor. Born in the United States? Yes, Your Honor. Okay. And so we're looking at all of this and whether that rises to the level of abuse of a mother who knows that if I continue this drug use, I might go to jail for a long time, I might die. And we have the father who is undocumented, so he's on shaky legal ground, and he has declining health, which has been now really severe. And so we look at all of those to see if that is abuse. But the board didn't rest the decision on that. What the board said was that the evidence that was submitted didn't show, didn't establish eligibility for VAWA cancellation. In order to establish eligibility, you would have to show, as I understand it, two things. One, that the child is a citizen. And let's assume you did that successfully. I understand the government may not agree with that. But the second thing is you have to show abuse. There's no evidence in the record of impairment of the child's health as a result of the mother's drug activity, correct? Correct. We don't have evidence of that. For example, there's no medical evidence of harm in utero. Correct. Correct. But what we have to show here is whether there's a reasonable likelihood that the petitioner can show that at the hearing. And so what we do have here is that we have a mother who had continued drug use throughout the course of the child's life. And so— Are you suggesting there's other evidence that you can muster that you haven't presented yet? You know, there's more—yes. There's more evidence that could come out in trial regarding the extent of the drug use of the mother. We know that she did use drugs and that she died of— Is there any more further evidence about the child being battered or subject to extreme cruelty? Your Honor, what the evidence here is when we look at the totality is a judge could find that this type of behavior rises to the level of extreme cruelty. Why is that? If the child was not harmed physically or verbally with abuse and had a drug addict mother, why does just the existence of the mother's addiction create abuse for the child? It's not just the existence of the mother's addiction. At least in the evidence that was submitted, there was a statement made that the mother was using drugs or was high around the presence of the child. But also we look at the overall circumstances as to what predicament is the mother placing the child in by using these drugs, knowing that the father is undocumented. And I think we would have a much different picture if we had a father with stable legal footing in the country with the eligibility to work, etc. And then the mother is behaving in a different way. But we look at this totality of the circumstances and then the question becomes, is the mother behaving this way knowing the father's own medical ailments and his shaky legal status in the country? Is all of that rise to the level of abuse? We respectfully submit that this showing what we have right now shows a reasonable likelihood that a judge could find abuse under those circumstances. And so by showing, by the board requiring to show actual abuse at this stage, both undermines the Congress's requirement that just a reasonable likelihood is submitted. And I do want to point one more thing. Don't you have to show a prima facie case? And if you haven't shown it yet, what do you expect them to do? Well, Your Honor, I think that's where we disagree, where the board didn't reach that. They didn't say you didn't reach a prima facie case because that would mean that they would say you didn't show a reasonable likelihood. Well, then they say you had no credible evidence. So if you can't present any credible evidence, then you're not going to create a prima facie case. Well, Your Honor, when they were talking about the credibility of the evidence, they were talking about the citizenship of the mother. And I think that really underscores my argument because there was a contention from the board as to whether the mother is a U.S. citizen. And what was submitted on the record was the birth certificate of the child that lists the mother as a U.S. citizen and the death certificate that lists the mother as a U.S. citizen. And so that underscores my point because that shows that the board is asking us to outright show the eligibility now, as opposed to just a reasonable likelihood that he can show that she's a U.S. citizen, especially because under the VAWA context, there's a special provision under VAWA where the evidence that needs to be submitted is just any credible evidence in order to meet the eligibility threshold, much less the reasonable likelihood of eligibility that really the board should employ. I see I'm well into my rebuttal time, so if I can save the rest of my time for rebuttal. Thank you, Your Honor. Okay, counsel, for your planning purposes, we'll add. What do you have on the clock for rebuttal now? I have one minute. Okay. We'll give you how much rebuttals did you want to make? If I could take two minutes, but that's being very generous. I'll take whatever the court didn't give me. I'll be happy. We'll give you two minutes. Okay. Now we'll hear from Bondi. There is a button right underneath there that you can lower that if you would like. I hope that's okay. We can see you just fine, but I just want you to know that. Good morning, Your Honors. May it please the court. My name is Jessica Strogas. I'm here on behalf of the United States. Thank you for coming all the way from Washington, D.C. to give us help. Thank you for having me. Your Honors, this court should deny the petition for review because the board did not abuse its discretion in denying petitioner's motion to reopen. He sought reopening for two reasons. One, to apply for special rule cancellation of removal, and the other reason was to seek equitable tolling of the 90-day deadline on a motion to reopen to seek cancellation of removal for non-permanent residents, for certain non-permanent residents, because of the Supreme Court's decision in Nischavez. And just to get that out of the way very quickly, Nischavez and the rule established there was not what prevented the petitioner from seeking reopening timely. It was that his qualifying relative simply did not exist at the time of his underlying proceedings, nor during the time that he could have timely filed a motion to reopen. Were you able to find any case in which it falls within this penumbra, where the described abuser no longer exists? No, Your Honor. For special rule cancellation of removal, typically you are correct, it is related to the Violence Against Women Act. It is related to VAWA. And I have not found a case where the abuser is no longer with us or the abuser is deceased. For special rule cancellation of removal, as has already been discussed pretty significantly this morning, it was the petitioner's burden to show prima facie eligibility by showing in part battery or extreme cruelty to his United States citizen child by the United States citizen parent. And I take it in the record there's no indication of the petitioner having personally or physically observed any of the abuse. That's correct, Your Honor.  In his declaration, which I believe is on page 45 of the record, he alleges that the mother used drugs in the presence of their daughter and was under the influence of those drugs while she cared for the daughter. But the sentence immediately thereafter was, I was not present on those occasions. And he presented no factual backdrop for how he would know if he was not there, especially considering the age of the daughter at the time of the mother's death. I believe she was around four years old. So his allegation is that the mother used drugs around the toddler when he wasn't there. But even taking that allegation as true, that the mother used drugs in the presence of the daughter or while caring for the daughter, that simply does not show battery or extreme cruelty. As respondent's brief pointed out on page 14, he did not state that the daughter was present when the mother overdosed. He did not state that the mother ever harmed her or allowed her through her inaction to come to harm or caused her to be the victim of an act or threatened act of violence. And he did not explain to the extent that the mother had used drugs or how the mother behaved in the daughter's presence. And battery or extreme cruelty is not just abuse. In the statute, it really points to acts of violence or threatened acts of violence. And there simply wasn't anything alleged in the motion to reopen or in any of the evidence that the mother ever committed or through her inaction committed a violent action or threatened a violent action towards her daughter. With respect to the standard that the board applied, the board applied the correct standard here in assessing prima facie eligibility. In the opening and reply briefs, petitioner argues that the board applied an incorrect standard because it required sufficient evidence. But that begs the question, sufficient for what? The standard for prima facie eligibility is not the same standard as for special rule cancellation of removal under the statute. But the INA does require the board to consider any credible evidence, right? Of course, yeah. And here in this case, the board considered all of the evidence. Petitioner hasn't presented any argument that the board hasn't considered all the evidence. So the government's argument is there's a difference between considering it and then crediting it, right? Is that the argument? I don't even believe that that's the argument, Your Honor, because the board credited the evidence. It just said that the evidence wasn't sufficient to meet the legal standard for reopening, which is a different legal standard than the legal standard for relief in the statute. To reopen, would the evidence have to show a probability of success? Your Honor, yes. I believe the standard for reopening is a reasonable possibility of success on the merits. And, in fact, this court has actually used the exact phrase that the petitioner takes question with in Fonseca Fonseca, where the court said, when evaluating a petitioner's motion on the prima facie eligibility ground, the board will look to whether there is sufficient evidence proffered to indicate a reasonable likelihood of success on the merits. That is what the board did here. Why didn't the board abuse its discretion about the citizenship of the mother? I mean, what more do you need? It's on the birth certificate of the child, and it says that the mother was born in the United States, correct, in California? Yes, that's correct. It's listed on the child's birth certificate as well as on the mother's death certificate that she was born in California. So, I mean, isn't that pretty good evidence that she was a United States citizen? No, Your Honor, because the statutes that govern those documents don't require any independent verification of the statements that are given to the people recording the information. So the person could just say, I was born here, and then they'll record it. There's no verification.  I see. And respondents argue that on pages 17 and 18 of their brief, that these statutes, the purpose of them isn't verifying citizenship of a parent or of the decedent. It's to record certain information about the death or about the birth of the child. And so the board reasonably said that that did not establish the mother's citizenship. And in more than two years— Would a birth certificate for the mother in the United States, would that have been enough, do you think? Your Honor, I understand that that is currently being challenged by the government, but as under the state of the law right now, for purposes of this case, I believe so. We talked about that yesterday. I don't know if you were in the audience or not. I'm aware. It was very much in front of us at that time. I was disappointed to be on an airplane, so I was unable to listen in on the arguments. Well, you can always listen to the tape or watch the video. Yes, I understand. I believe that that might be on the courts. We have a much smaller crowd today for some reason than yesterday. Well, I understand that perhaps the issue of birthright citizenship might be in the interests of the nation right now. So, turning back to this case, though, under the current state of the law and under the state of the law at the time the board determined the motion to reopen, a birth certificate for the mother could have established U.S. citizenship, and it wasn't presented. A driver's license from certain states could have established citizenship. It wasn't presented. A passport could have established U.S. citizenship. Counsel, I have a question for you. Assuming the mother was a citizen but the daughter was not abused, what's the result? The result in the case is that the board did not abuse its discretion in denying the motion to reopen because the abuse of the child goes to the prima facie eligibility for special rule cancellation of removal. That is the basis under, I believe it's subpart one of the statute, is that the child has to be subjected to battery or extreme cruelty by U.S. citizens. So the child has to be abused even if the mother's a citizen? Yes, Your Honor. That is the purpose of the statute. That is the basis of the relief. Okay. Thank you, Counsel. If there are no further questions, this court should deny the petition for review. Thank you. Okay. Thank you, Counsel. Appreciate the argument. And now we'll hear rebuttal. You get a full two minutes and one second. Thank you so much, Your Honor. I very much appreciate the court's generous time. So I guess I'll start first with a point that Judge Hawkins made about the abuser dying in this case and kind of the posture where this leaves this case. Congress specifically thought about instances where the abuser may no longer be in the applicant or in the applicant's family's life. And we know that because the statute does not require for the abuser to still be around or for the parents to still be married in order to apply for this relief. And although it's not cited in our cases, there are cases where the BIA has looked at instances of marital abuse under VAWA, and then they've been separated for years. And what the board has said is that that just goes into whether, as a matter of discretion, the case should be granted. It's one thing to say that there's separation. It's quite another thing to say that the abuser is incapable of continuing or threatening the abuse, isn't there? I see the distinction there, Your Honor, but Congress didn't make that distinction when they're looking at the eligibility requirements. They could have said this doesn't apply for when the petitioner has died, and certainly there are places where Congress had said what happens when the U.S. citizen dies and what happens to the eligibility there. They chose not to do that here, and so we think that that was done on purpose. That would be for the IJ to determine whether, as a matter of discretion, then the case should be granted. The last thing I'll say is that the declaration was signed under penalty of perjury where it says that the mother used drugs in front of the child and that she cared for the child while under the influence of drugs. It just says that he wasn't there also contributing to that, but it doesn't say that he didn't know or anything like that. And lastly, Your Honor, I respectfully disagree with the government's contention that the board used the right standard. They did not use the word reasonable likelihood of eligibility. They just said he has not shown that he's eligible. That's the wrong standard. Well, you know, you mentioned that statute, but the next sentence in the statute says the determination of what evidence is credible and the weight to be given to that evidence shall be within the sole discretion of the Attorney General. You're right, Your Honor, and that's during the IJ proceedings where they make fact findings and weighing of those kind of things. At the board stage of the motion to reopen, the board looks at whether there's enough evidence to show reasonable likelihood of eligibility, and then when you're looking at the reasonable likelihood of eligibility, you look at what evidence is submitted in the evidentiary standard, but that is ultimately needed to be decided by the IJ. Certainly, the IJ could say, you know, I'm not crediting this at the end of the day, but you made enough of a showing that you might be eligible, so that's the prima facie showing, but now looking at it, weighing the evidence, whatever, I'm going the other way, and then that's where that statute would be at. So we respectfully request that the court grant the petition. Thank you. Thank you. That case shall now be submitted, and the parties will hear from us in due course. I also thank counsel for both the government and the petitioner for their excellent advocacy today, because it really helps our court to have your vigorous arguments. Thank you.
judges: HAWKINS, GOULD, BUMATAY